IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CT-3252-BO

| | | |
|---|---|---|
| JERMAINE ANTWAN TART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHAPLAIN HOVIS, | ) | |
| | ) | |
| Defendant. | ) | |

The matter comes before the court on the parties' cross-motions for summary judgment (DE 47, 49) and plaintiff's motion for injunctive relief (DE 63). Also before the court is a motion to withdraw as counsel for defendant (DE 66). In this posture, the issues raised are ripe for adjudication.

## STATEMENT OF THE CASE

On October 30, 2017, plaintiff, a state inmate, filed this civil rights action *pro se*, alleging that defendant Chaplain Hovis ("defendant") refused to permit him to engage in Rastafarian worship in violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution. On May 10, 2019, plaintiff filed a motion for summary judgment. Then, on May 15, 2019, defendant filed a motion for summary judgment, arguing that plaintiff failed to exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a) before filing this action. Defendant attached to his motion an affidavit from Kimberly Grande, the Executive Director of the North Carolina Department

of Public Safety's ("DPS") Inmate Grievance Resolution Board, as well as grievance-related documents.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when, after reviewing the record as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). "When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." Desmond v. PNGI Charles Town Gaming, L.L.C., 630 F.3d 351, 354 (4th Cir. 2011).

B.  Analysis

Before addressing the merits of plaintiff's claim, the court must first determine whether plaintiff exhausted his administrative remedies prior to filing this action. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative

2

remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Ross v. Blake, __ U.S. __, 136 S. Ct. 1850, 1856 (2016) ("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."); Custis v. Davis, 851 F.3d 358, 361-362 (4th Cir. 2017); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The North Carolina Department of Public Safety ("DPS") has a three step Administrative Remedy Procedure ("ARP") which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). The DPS's ARP first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DPS ARP § .0301(a). If informal resolution is unsuccessful, the DPS ARP provides that any inmate in DPS custody may submit a written grievance on Form DC-410. DPS ARP § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the Facility Head. Id. at § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head, he may appeal his grievance to the Secretary of Public Safety through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the [Inmate Grievance Examiner]

or a modification by the Secretary of Public Safety shall constitute the final step of the Administrative Remedy Procedure. Id. § .0310(c)(6).

Here, the record reflects plaintiff exhausted a grievance related to his claim on December 14, 2017, but it was <u>after</u> he filed the instant action on October 30, 2017. See (Grande Aff. ¶ 7(e) and Ex. 6; Compl. ¶ VI (acknowledging that exhaustion was not complete at the time he filed the complaint). Exhaustion in the course of pending litigation is insufficient to meet the § 1997e(a)'s exhaustion requirement. See Hayes v. Stanley, No. 06-6475, 2006 WL 3147498, at *1, n.1 (4th Cir. Oct. 31, 2006); see also, McClary v. Butler, No. 5:18-cv-98-FDW, 2019 WL 415336, at *2-3 (W.D.N.C. Feb. 1, 2019), aff'd, 773 F. App'x 148 (4th Cir. 2019). Thus, plaintiff's action is DISMISSED without prejudice for failure to exhaust administrative remedies. Because plaintiff failed to comply with § 1997e(a)'s exhaustion requirement, his motion for summary judgment is DENIED as MOOT.

The court next addresses Assistant North Carolina Attorney General Yvonne B. Ricci's motion to withdraw as counsel for defendant. For good cause shown, the motion is GRANTED.

## CONCLUSION

Based upon the foregoing, defendant's motion for summary judgment (DE 49) is GRANTED, and the action is DISMISSED without prejudice for failure to exhaust administrative remedies. A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses. Because this court has dismissed this action for failure to exhaust, plaintiff's motion for summary judgment (DE 47) and motion for injunctive relief (DE 63) are DENIED as MOOT. Additionally, the motion to withdraw as counsel (DE 66) is GRANTED. The Clerk of Court is DIRECTED to terminate Yvonne B. Ricci

4

as attorney of record for defendant, and to discontinue her electronic notification in this matter. The Clerk, additionally, is DIRECTED to close this case.

SO ORDERED, this the 27 day of January, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
Chief United States District Judge